```
            IN THE UNITED STATES DISTRICT COURT
         FOR THE WESTERN DISTRICT OF NORTH CAROLINA
                     CHARLOTTE DIVISION
                     3:08CV305-02-MU
```

ROGER STEVENSON,            )
    Plaintiff,          )
                           )
    v.                  )
                            )
APRIL SHOUP, Unit Manager)
  at the Marion Correc-   )
  tional Institution[1];   )               O R D E R
JASON DOBSON, Unit Case  )
  Manager at MCI; and    )
TURNER SOUTH, Classifica-)
  tion Coordinator at    )
  MCI,                   )
    Defendants.          )
_____)

    **THIS MATTER** comes before the Court on Plaintiff's civil rights Complaint under 42 U.S.C. §1983, filed June 27, 2008. For the reasons stated herein, the instant action will be <u>dismissed without prejudice</u> pending the resolution of Plaintiff's claims at the North Carolina Industrial Commission.

    By the instant Complaint, Plaintiff alleges that he pled guilty to an A-04 infraction and was sentenced to a term of 30-days segregated confinement; that on the date that his segregated confinement was completed and he was released back into the general population, Defendants collaborated to have him returned to segregated confine for an additional 180-day period of "I-

---

    [1]Marion Correctional Institution hereafter will be referred to at "MCI."

Con." As a result, Plaintiff alleges that his right to due process was violated, he was falsely imprisoned and he was subjected to cruel and unusual punishment and to double jeopardy. By way of relief, Plaintiff is seeking tens of millions of dollars in damages along with injunctive and declaratory relief.

Critically, however, Plaintiff's Complaint also plainly reports that he currently is pursuing claims against these same three defendants based upon these same facts in the North Carolina Industrial Commission. In light of such information, the undersigned believes that this Court should abstain from addressing Plaintiff's claims because this action is parallel to the subject State court proceeding.

Indeed, in Colorado River Water Conserv. District v. United States, 424 U.S. 800, 817-18 (1976), the Court stated that abstention is permitted "for reasons of wise judicial administration." To put it simply, "[t]he Colorado River doctrine [of abstention] seeks to conserve judicial resources and otherwise avoid duplicative litigation when litigants seek to adjudicate the same dispute in both state and federal forums." RF&P v. Forst, 4 F.3d 244, 253 (4th Cir. 1993).

Inasmuch as this Court finds that it should avoid the piecemeal litigation of Plaintiff's allegations; that a State forum already is exercising jurisdiction over this action; and that this forum may not be the most convenient venue to litigate

these matters, the instant Complaint will be <u>dismissed without prejudice</u>.

**NOW, THEREFORE, IT IS ORDERED THAT** Plaintiff's Complaint is **DISMISSED without prejudice.** At the conclusion of his proceedings before the N.C. Industrial Commission, Plaintiff may, if he believes it is necessary to do so, re-file this action in this federal court.[2]

**SO ORDERED.**

Signed: July 14, 2008

*/s/ Graham C. Mullen*
Graham C. Mullen
United States District Judge

---

[2] A review of the plaintiff's Complaint reflects that the matters about which he complains took place in October 2005; therefore, the Court believes that such date is the one from which the relevant statute of limitations period would have to be calculated. Thus, Plaintiff should be mindful of the three-year statute of limitations which will be applied to this action when he is determining whether and when to re-file this matter in federal court.