IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:08CV305-02-MU


| | |
|---|---|
| ROGER STEVENSON,     )<br>     Plaintiff,     )<br>               )<br>     v.          )<br>               )<br>APRIL SHOUP, Unit Manager)<br>  at the Marion Correc-  )<br>  tional Institution[1];  )<br>JASON DOBSON, Unit Case  )<br>  Manager at MCI; and   )<br>TURNER SOUTH, Classifica-)<br>  tion Coordinator at   )<br>  MCI,            )<br>     Defendants.     )<br>_____) | O R D E R |

**THIS MATTER** comes before the Court on Plaintiff's Motion for
Reconsideration of Judgment, filed July 18, 2008 (document # 7);
and on his Motions for Relief from Judgment, to Alter or Amend
Judgment, and to Stay Proceedings to Enforce Judgment, all filed
July 22, 2008 (document ## 9-11, respectively).

By way of review, the record of this matter reflects that on
June 27, 2008, Plaintiff filed a civil rights Complaint under 42
U.S.C. §1983.  In relevant part, such Complaint established that
the matters about which Plaintiff was complaining also were the
subject of certain litigation which Plaintiff had brought before
the North Carolina Industrial Commission.  Moreover, Plaintiff's

_____

[1]Marion Correctional Institution hereafter will be referred to at "MCI."

Complaint established that such State litigation still was pending before the Industrial Commission. Consequently, by Order filed July 14, 2008, the undersigned concluded that it should abstain from adjudicating Plaintiff's allegations and entered and Order dismissing his Complaint without prejudice to his right timely to re-file his allegations. Such Order further advised Plaintiff that the statute of limitations for his allegations would expire in October 2008.

On July 22, 2008, Plaintiff filed a Motion for Relief from Judgment, explaining that on July 17, 2008, he received an Order from the Industrial Commission explaining that it had denied his State claims. Consequently, Plaintiff's Motion explains that he no longer should be prohibited from proceeding here, and he asks this Court to reinstate his case.

The Court finds that Plaintiff's Motion is timely under Rule 59(e) and it is well taken. Indeed, inasmuch as Plaintiff no longer is proceeding with his allegations in a State forum, this Court has no reason to abstain from adjudicating Plaintiff's claims; therefore, his Motion for Relief from Judgment will be granted. Furthermore, inasmuch as Plaintiff's allegations are sufficient to survive this Court's initial frivolity review, Defendants now will be directed to file an appropriate to Plaintiff's Complaint.

**NOW, THEREFORE, IT IS ORDERED THAT:**

1.  Plaintiff's Motion for Relief from Judgment (document # 9) is **GRANTED;**

2.  Plaintiff's case shall be re-opened as a pending action with this Court;

3.  Plaintiff's Motions for Reconsideration of Judgment, to Alter or Amend Judgment, and to Stay Proceedings to Enforce Judgment (document ## 7, 10 and 11, respectively) all are **DISMISSED as moot;**

4.  The Clerk shall prepare process for Defendants and deliver same to the U.S. Marshal;

5.  The U.S. Marshal shall serve process upon Defendants; and

6.  Defendants shall file their response(s) to Plaintiff's Complaint in accordance with the Federal Rules of Civil Procedure.

**SO ORDERED.**

Signed: October 1, 2008

Graham C. Mullen
United States District Judge