```
              IN THE UNITED STATES DISTRICT COURT
           FOR THE WESTERN DISTRICT OF NORTH CAROLINA
                        CHARLOTTE DIVISION
                         3:08CV305-02-MU
                        (Appeal No. 09-7927)
```

| | |
|---|---|
| ROGER STEVENSON,             )<br>     Plaintiff,            )<br>                              )<br>     v.                       )<br>                              )<br>APRIL SHOUP, Unit Manager)<br>  at the Marion Correc-   )<br>  tional Institution;        )<br>JASON DOBSON, Unit Case  )<br>  Manager at MCI; and     )<br>TURNER SOUTH, Classifica-)<br>  tion Coordinator at     )<br>  MCI,                    )<br>     Defendants.             )<br>_____) | O R D E R |

**THIS MATTER** comes before the Court on Plaintiff's post-judgment Motion for Setting Aside Findings; Amendment of Findings and Judgment; and a New Trial pursuant to Fed. R.Civ.P. 52(a)(b) and 59 (Doc. No. 55-2).

The record of this matter reflects that on June 27, 2008, Plaintiff filed a civil rights Complaint under 42 U.S.C. § 1983. (Doc. No. 1). Plaintiff's Complaint essentially sought to challenge the basis for his having been placed in segregated confinement. More particularly, the Complaint alleged that in October 2005, Plaintiff was convicted of a prison infraction and served a term of 30-days segregated confinement. Days after completing his 30-day term and being returned to the general

population, Plaintiff allegedly was placed in intensive confinement status ("ICON," hereafter) for a 180-day period, all without additional charges. Plaintiff alleged that his rights to due process were violated; and that he was subjected to false imprisonment, to cruel and unusual punish-ment and to double jeopardy by virtue of Defendants having twice punished him for a single infraction. By way of relief, Plaintiff sought, among other things, tens of millions of dollars in damages.

On October 29, 2008, Defendants filed an answer. (Doc. No. 28). Such answer reported that since the time that Plaintiff initially was incarcerated in or about 1995, he was convicted of numerous disciplinary infractions. In August 2005, Plaintiff was convicted of being in an unauthorized location in his prison, and in October 2005, he was convicted of assaulting another inmate, for which offense he served 30 days of segregated confinement. However, prior to Plaintiff's release from segregation, in light of his record of infractions, Defendant Dobson determined that Plaintiff should be referred to the Facility Classification Com-mittee ("FCC," hereafter) for placement on ICON status. Once Plaintiff was released from segregated confinement he was placed in administrative segregation pending the ICON review process. On the following day, the ICON referral was made. Plaintiff timely appeared before the FCC and was referred for an ICON

hearing before the Director's Classification Committee ("DCC," hereafter). Following a timely hearing before the DCC, Plaintiff was placed on 180 days of ICON status in accordance with the relevant prison policies. Furthermore, Defendants Shoup and Dobson denied that they are members of either of the Committees which reviewed Plaintiff's case; and all Defendants denied that Plaintiff's constitutional rights were in any way violated by their actions. Thus, Defendants contended that Plaintiff's Complaint had to be dismissed.

On November 20, 2008, Defendants filed a Motion for Summary Judgment. (Doc. No. 31). Defendants' supporting Brief presented an evidentiary forecast which was consistent with the critical portions of their Answer. In addition to their evidentiary presentation, Defendants argued that prison disciplinary convictions were <u>not</u> comparable to criminal prosecutions so as to trigger application of double jeopardy principles; and that Plaintiff's ICON status did not rise to the level of a significant hardship in relation to the ordinary incidents of prison life so as to violate his rights under the Due Process Clause. Therefore, Defendants contended that Plaintiff's purported federal claims should have been summarily rejected; and that the Court should have declined to exercise supplemental jurisdiction over his State law claim of false imprisonment.

On November 25, 2008, Plaintiff filed a Declaration in Opposition to Defendants' Motion for Summary Judgment (Doc. No. 33); and on January 13, 2009, he filed a Brief in Opposition to Defendant's Motion for Summary Judgment. (Doc. No. 34). Plaintiff's Declaration, which was executed under penalty of perjury, essentially reiterated his assertion that Defendants conspired to violate his rights when they placed him in administrative segregation and then on ICON status based upon the assault, and not some new infraction.

However, Plaintiff did <u>not</u> deny that he had sustained the August 2005 conviction after having been released from ICON in July 2005, or that he previously had sustained the numerous additional convictions which were listed in the DCC's hearing report. Rather, Plaintiff asserted that neither the fact that he had 74 prior convictions for infractions, that he previously had been placed on "MCON status, that he had been placed on ICON status, that he recently had gotten off of ICON status, nor the fact that he had sustained two more recent infractions was enough to justify his being placed back in ICON status. Plaintiff argued that because he already was punished for the assault, Defendants could not have relied upon that offense to refer him for ICON status.

He also contended that his placement on ICON was not pursu-

ant to policy because neither his August nor October infractions justified ICON status. Plaintiff further claimed that "more than 50% of [those] prior infractions are the result of the same conspiracy dealings and corrupt, behind-the-scenes deceptions that are going on in this case;" and that none of those matters had any relevance to the issues in this case. In addition, Plaintiff "disagree[d] with Defendants' version of the Double Jeopardy Clause." Likewise, he "disagree[d]" with Defendants' contentions that his placement in ICON status did not trigger and violate any liberty interest which he may have had, and that this Court should have declined to exercise its supplemental jurisdiction. By his second Response (document # 34), Plaintiff reasserted his earlier arguments against Defendants' Motion for Summary Judgment.

After having carefully considered those matters, the Court found that Defendants were entitled to a summary judgment because the undisputed facts precluded Plaintiff's recovery under either of the causes of actions which he had pled. Accordingly, by an Order filed October 9, 2009 (Doc. No. 49), the Court granted the motion for summary judgment and dismissed Plaintiff's case.

On October 16, 2009, Plaintiff timely filed his notice of appeal. (Doc. No. 52). Thereafter, however, Plaintiff filed the instant Motion seeking to set aside, alter or amend the Court's

judgment of dismissal.  In support of that Motion, Plaintiff essentially raises two primary points.  First, Plaintiff contends that the undersigned and the Clerk of Court are conspiring with Defendants in this case to deny him justice as evidence by the facts that: (1) he previously submitted to the Court (and to counsel for Defendants) copies of interrogatories for Defendants, but such documents never were filed in his case; he attempted to file "a Petition for Arrest against [the undersigned] and Clerk Johns as a separate criminal action on charges of obstruction and conspiracy" but those documents were intercepted and buried as a miscellaneous filing in this case; that he filed a demand for a jury trial, but the undersigned concluded that there were no genuine issues of material fact despite his knowledge that Defendants had violated his rights, and a jury likely would have ruled in his favor.

The appropriate provision under which to analyze Petitioner's Motion is Rule 59 of the Federal Rules of Civil Procedure, not Rule 52.  Therefore, no analysis need be conducted under Rule 52.

Regarding Rule 59(e), the Fourth Circuit has recognized that such a motion can be granted, "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or

6

prevent manifest injustice." Clapper v. Chesapeake Conference of Seventh-Day Adventists, 166 F.3d 1208 (table), 1998 WL 904528, at *5 (4th Cir. 1998) (quoting Pacific Ins. Co. v. American Nat'l Fire Ins. Co., 148 F.3d 396, 403 (4th Cir. 1998)). However, a "Rule 59(e) motion may not be used to re-litigate old matters, or to raise arguments or present evidence that could have been raised prior to entry of judgment." Clapper, supra (quoting 11 Wright, Miller and Kane, Federal Practice and Procedure § 2810.1, at 127-28 (2d ed. 1995)).

Even a cursory review of the foregoing assertions makes it clear that Plaintiff is not entitled to any relief on them. Indeed, Plaintiff's efforts to challenge the integrity of the Court in this manner go well beyond the scope of Rule 59. Therefore, those assertions do not entitle Plaintiff to any relief.

Further, the Court finds that Plaintiff's other assertions -- that Defendants' evidence reflect that they lied and attempted to cover-up the fact that he was not given his "24-hour notice rights as well as [his] rights to a fair hearing . . ." as shown by the fact that he received his FCC hearing on the same day that he received the referral for that hearing -- also are unavailing. Indeed, Plaintiff's Complaint claimed that his due process rights were violated by virtue of his having been returned to segregated confinement without having committed any new infractions, not

because he was not given sufficient time to prepare for his FCC hearing. Therefore, this new argument cannot be used to provide a ground for disturbing the Court's Order and Judgment.

**NOW, THEREFORE, IT IS HEREBY ORDERED that:**

1. Plaintiff's Motion for Setting Aside Findings; Amendment of Findings and Judgment and a New Trial under Rules 52 and 59 is **DENIED;** and

2. The Clerk shall send copies of this Order to the parties and to the Clerk of the Fourth Circuit Court of Appeals.

**SO ORDERED.**

Signed: July 30, 2010

Graham C. Mullen
United States District Judge