```
              IN THE UNITED STATES DISTRICT COURT
           FOR THE WESTERN DISTRICT OF NORTH CAROLINA
                       CHARLOTTE DIVISION
                       3:08CV305-02-MU
                      (Appeal No. 09-7927)


ROGER STEVENSON,            )
     Plaintiff,             )
                            )
       v.                   )
                            )
APRIL SHOUP, Unit Manager)
  at the Marion Correc-     )
  tional Institution;       )          O R D E R
JASON DOBSON, Unit Case     )
  Manager at MCI; and       )
TURNER SOUTH, Classifica-)
  tion Coordinator at       )
  MCI,                      )
     Defendants.            )
_____)
```

**THIS MATTER** comes before the Court on Plaintiff's post-judgment document captioned as a Motion for a More Definite Statement under Fed.R.Civ.P. 12(e) (Doc. No. 57); and his Motion for a Copy of the Appellate Record (Doc. No. 60).

Pertinent here, on June 27, 2008, Plaintiff filed a civil rights action under 42 U.S.C. § 1983 alleging challenging various matters pertaining primarily to certain disciplinary measures which have been taken over the course of his incarceration (Doc. No. 1). On October 9, 2009, the Court entered an Order granting Defendants' Motion for Summary Judgment (Doc. No. 49).

Thereafter, on October 26, 2009, Plaintiff filed a Motion under Federal Rules of Civil Procedure 52 and 59(a)(Doc. No. 55).

Such Motion contended that Defendants made material misrepresentations of fact; that his due process rights were violated because he did not receive notice of a particular hearing; that his referrals for certain disciplinary actions were made in violation of prison policy.  Further, the Motion argued that this Court erred in its decisions concerning his claimed violations of his double jeopardy rights, his liberty interests, his rights to be free from cruel and unusual punishment, and in declining to exercise supplemental jurisdiction over his false imprisonment claim.

On November 3, 2009, Defendants' filed a Brief in Opposition to Plaintiff's Rule 59 Motion (Doc. No. 56).  There, Defendants argued that Plaintiff was, at least in part, attempting to raise new arguments which he could have, but did not raise while his case was pending on summary judgment.  Furthermore, Defendants argued that Plaintiff had failed to meet the prevailing test of establishing that there was an intervening change in the controlling law, that there was new evidence which was not available during the pendency of the case, or that relief was necessary to correct a clear error of law or prevent manifest injustice.  See Pacific Ins. Co. V. American Nat'l Fire Ins. Co., 148 F.3d 396 (4th Cir. 1998).

On the contrary, Defendants argued, that their evidence was

2

not contradictory in rebutting Plaintiff's allegation that he had not received proper and timely notice of one of his disciplinary hearings. Defendants argued that Plaintiff's self-serving claim that he did not commit the assault to which he pled guilty simply was insufficient to create a genuine issue of material fact about whether his due process rights were violated; and that Plaintiff had failed to overcome their evidentiary forecast which established that his claim of a due process violation for Defendant South's membership on one of the referral committees was baseless because his was not the committee that determined inmates' eligibility for segregation.

In addition, Defendants argued that Plaintiff's contention that his double jeopardy claim erroneously was resolved under Wolff v. McDonnell, 418 U.S. 539 (1974) instead of Hewitt v. Helms, 459 U.S. 460 (1983) was baseless because Hewitt is factually inapplicable here and, in any event, said double jeopardy claim was barred under Breed v. Jones, 421 U.S. 519 (1975). Defendants further argued that Plaintiff had failed to show that this Court erred in finding that his segregated confinement did not rise to the level of an atypical and significant hardship, thereby giving rise to a liberty interest. Defendants also argued that Plaintiff's attempt to amend his claim of cruel and unusual punishment -- by asserting, for the

3

first time, that his segregated confinement exposed him to second-hand tobacco smoke, greater risk of attack by officers, less food, excessive drug tests and other infringements upon his rights -- did not amount to new evidence so as to justify relief under Rule 59. Last, Defendant's argued that because Plaintiff could not establish that the Court erred in resolving his federal claims, he also could not establish that it abused its discretion in refusing to exercise supplemental jurisdiction over his claim of false imprisonment.

On November 9, 2009, Plaintiff filed the subject Motion for More Definite Statement complaining that Defendants' Brief in Opposition to his Rule 59 Motion was vague or ambiguous in numerous ways. Plaintiff's complaint is baseless.

Indeed, as was noted above, Defendants' Brief was far from vague or ambiguous in addressing all of the reasons why his Rule 59(e) should have been denied. Such Brief presented clear arguments refuting Plaintiff's contentions, and it pointed out, in pain-staking detail, how those arguments were deficient. Thus, Plaintiff's Motion for a More Definite Statement will be denied <u>nunc pro tunc</u>.

Finally, Plaintiff is seeking a copy of the appellate record on the ground that such materials are needed in order for him "to identify and reference the issues that will be presented as

4

assignment's of error in [his] appeal."  Plaintiff further explains that this Court "transmitted the record to the Appeals Court before [he] had an opportunity to review the record on file, request any changes or corrections to the record, or request a copy of the record."  Last, Plaintiff asserts that he needs the subject documents in order to know what errors may be contained in the record which the Court transmitted to the Court of Appeals.

To clarify matters, the file of Plaintiff's case is maintained electronically.  Upon this Court's electronic transmission of the record to the Court of Appeals, that Court merely gained access to all of the documents which are maintained in this Court's file of the case.  Consequently, there simply is little to no risk of error concerning the record which was electronically transmitted to the Court of Appeals, nor is there any reason for Plaintiff to request changes to that record.

Furthermore, the law is clear that copies of transcripts or other documents from a record may be provided to an indigent litigant at government expense upon a showing by that litigant of a particularized need for the documents.  <u>Jones v. Superintendent, Virginia State Farm</u>, 460 F.2d 150, 152-53 (4th Cir. 1972).  However, an indigent litigant is not entitled to free copies of a record "merely to comb the record in the hope of discovering some

5

flaw." United States v. Glass, 317 F.2d 200, 202 (4th Cir. 1963).  It is clear to the Court that Plaintiff's stated reason for requesting the appellate record is expressly disfavored under the relevant precedent.  Therefore, this Motion will be denied.

**NOW, THEREFORE, IT IS HEREBY ORDERED that:**

1.  Plaintiff's Motion for a More Definite Statement (Doc. No. 57) is **DENIED nunc pro tunc;**

2.  Plaintiff's Motion for a Copy of the Record is **DENIED;** and

3.  The Clerk shall send copies of this Order to the parties and to the Clerk of the Fourth Circuit Court of Appeals.

**SO ORDERED.**

Signed: September 7, 2010

Graham C. Mullen
United States District Judge